UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

PAUL LANCASTER,                           Civil Action No. 20-1995

        Plaintiff,

                               **OPINION**

   v.

NEW JERSEY TRANSIT
CORPORATION, et al.

        Defendants.

---

**APPEARANCES**:

PAUL LANCASTER
306 COOPER STREET
APT 503
CAMDEN, NJ 08102

     *Plaintiff appearing pro se*

STEPHANIE MERSCH
NEW JERSEY OFFICE OF THE ATTORNEY
GENERAL DIVISION OF LAW
STATE POLICE, EMPLOYMENT, and
CORRECTIONS SECTION
RICHARD J. HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625

     *Counsel on behalf of the New Jersey Transit System*
     *and Kevin O'Neill*

**HILLMAN**, District Judge

    Plaintiff Paul Lancaster has brought this action against

Defendants New Jersey Transit Corporation ("NJ Transit"), Carl

Pulaski, Larry Marshinak, Mark Kocher, Joseph Butterfield,

Jennifer Piccoli, Chuck Hellyer, Andre Coleman, Adam Phelps, Janne Victor, Yamika Dabady, Kevin O'Neill ("Defendant O'Neill"), Cynthia Banks, J. Schmatz, Alexis Allen, and Charles Nielsen (collectively "Individual Defendants") (collectively "Defendants") alleging Defendants violated Plaintiff's constitutional rights.  Presently before the Court is NJ Transit's Motion to Dismiss, Defendant O'Neill's Motion to Dismiss, Plaintiff's Motion for Default Judgment, and Plaintiff's Motion for Summary Judgment.[1]

For the reasons expressed below, NJ Transit and Defendant O'Neill's Motions to Dismiss will be granted, and Plaintiff's Motion for Summary Judgment and Motion for Default Judgment will be denied.  Plaintiff will also be directed to show cause within 30 days as to why his claims against the remaining Individual Defendants should not be dismissed for lack of prosecution for his failure to effect service.

<u>**BACKGROUND**</u>

On January 8, 2020, Plaintiff Paul Lancaster, appearing <u>pro se</u>, filed the instant complaint against Defendants.  Plaintiff was employed by NJ Transit for ten years.  (ECF No. 2 "Compl." ¶1.)  Plaintiff alleges he sought and was provided reasonable

---

[1] Beyond Plaintiff's conclusory allegations, speculation, and recitation of the relevant legal standard, he offers almost no evidence or legal argument to support his motion that summary judgment should be granted in his favor.

accommodations for his disabilities.  (Compl. ¶24.)  Plaintiff
alleges his reasonable accommodations were interrupted when he
was falsely accused of sexual assault, and as a result, he
started to experience anxiety and panic attacks as well as
additional medical problems.  (Compl. ¶¶25, 27.)  Plaintiff
alleges he was subject to wrongful termination because of the
false accusation of sexual assault and because his supervisor
"placed a spotter on [his] bus as a personal tactic to
discipline [Plaintiff] for personal reasons" and the spotter
"witnessed [Plaintiff] talking excessively to passengers."
(Compl. ¶26.)  Plaintiff alleges he was further retaliated
against when he was denied his restroom privileges.  (Compl.
¶29.)  Plaintiff also explains his brakes failed and he was
charged with being in an unsafe vehicle in 2009, which went on
his driver's abstract despite the fact he told NJ Transit that
there was something wrong with the bus.  (Compl. ¶29.)
Plaintiff contends he "spoke with numerous supervisors on
numerous occasions and made all attempts to
remedy their grievances with the Defendant(s) to no avail -
despite numerous conversations with numerous administrators and
supervising individuals, the organizations continues to allow
the rights of the Plaintiff to be infringed upon and refuses to
remedy its violations."  (Compl. ¶31.)  As a result of the
foregoing, Plaintiff has filed a complaint against Defendants

asserting one count against each Defendant for violation of 42 U.S.C. § 1983.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has original federal question jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331.

### B. Legal Standards

#### a. Standard for Dismissal under Rule 12(b)(1)

Because "[t]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," NJ Transit and Defendant O'Neill's motions are, in part, a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996). Typically, once a Rule 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). "However, because 'Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense,' and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability." Garcia v. Knapp, No. 19-17946, 2020 U.S. Dist. LEXIS 93871, at *9 (D.N.J. May 29, 2020) (quoting

4

Christy v. PA Tpk. Comm., 54 F.3d 1140, 1144 (3d Cir. 1994)).

In deciding a Rule 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." Leadbeater v. JPMorgan Chase, N.A., No. 16-7655, 2017 U.S. Dist. LEXIS 175547, at *5 (D.N.J. Oct. 24, 2017). "When a party moves to dismiss prior to answering the complaint . . . the motion is generally considered a facial attack." Id.; see also Garcia, 2020 U.S. Dist. LEXIS 93871, at *4 ("Defendants, by asserting Eleventh Amendment immunity, raise a facial 12(b)(1) challenge."). In reviewing a facial attack, the Court should consider only the allegations in the complaint, along with documents referenced therein and attached thereto, in the light most favorable to the nonmoving party. See Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).

Thus, a facial motion is handled much like a 12(b)(6) motion, and allegations in the complaint are accepted as true. Leadbeater, 2017 U.S. Dist. LEXIS 175547, at *5-6.

### b. Motion to Dismiss Under Rule 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v.

6

George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

### c. Motion for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is

7

entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just

8

rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

### d. Motion for Default Judgment

The Court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading.  Fed. R. Civ. P. 55(b)(2). Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  The decision to enter a default judgement is left to the discretion of the court; however, the Third Circuit has articulated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

In assessing a motion for default judgment, the court should accept as true all well-pleaded factual allegations — other than those regarding damages - but is not required to accept a plaintiff's legal conclusions.  Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 U.S. Dist. LEXIS 99606, at *6-7 (Oct. 26, 2009).  Three factors guide whether a default judgement should be granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct.  Chamberlain v.

9

Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  However, before
determining whether a plaintiff is entitled to default judgment,
the court must first review whether (1) there is sufficient
proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,
756 F.2d 14, 19 (3d Cir.1985), and (2) the Complaint
demonstrates a valid cause of action.  Richardson v. Cascade
Skating Rink, No. 19-08935, 2020 U.S. Dist. LEXIS 236296, at *3
(D.N.J. Dec. 16, 2020).

   **C. Analysis**

      **a. Plaintiff's Section 1983 Claims Against NJ Transit and
          Defendant O'Neill**

   NJ Transit and Defendant O'Neill have moved to dismiss
Plaintiff's Section 1983 claims against them for lack of subject
matter jurisdiction based on the Eleventh Amendment Immunity
doctrine and because they are not "persons" amenable to suit
under 42 U.S.C. § 1983.[2]  Plaintiff has brought claims pursuant
to 42 U.S.C. § 1983 against Defendants NJ Transit and O'Neill.[3]

_____

[2] Plaintiff's primary argument in response to Defendant NJ
Transit's Motion to Dismiss is that such motion was untimely.
However, this Court recognizes the Third Circuit has articulated
its "preference that cases be disposed of on the merits whenever
practicable."  Hritz, 732 F.2d at 1180-81.  NJ Transit filed a
responsive pleading to Plaintiff's Complaint prior to Plaintiff
filing his Motion for Default Judgment.  In addition, the court
may sua sponte address subject matter jurisdiction issues, which
are present here because of the applicability of the sovereign
immunity doctrine.

[3] Plaintiff does attach documents to his Complaint, which
indicate that Plaintiff filed a charge with the Equal Employment

This Court agrees with NJ Transit and Defendant O'Neill.

The Eleventh Amendment provides:

The Judicial power of the United states shall not be
construed to extend to any suit in law or equity, commenced
or prosecuted against one of the United States by Citizens
of another state, or by Citizens or Subjects of any Foreign
state.

U.S. Const. amend. XI.  "'That a state may not be sued without

its consent is a fundamental rule of jurisprudence having so

important a bearing upon the construction of the Constitution of

the United States that it has become established by repeated

decisions of this court that the entire judicial power granted

by the Constitution does not embrace authority to entertain a

---

Opportunity Commission ("EEOC").  However, Plaintiff's Complaint
asserts only one cause of action against the Defendants, "Civil
Action for Deprivation of Rights Pursuant to 42 U.S.C. § 1983."
(ECF No. 2).  In response to Defendant NJ Transit's Motion to
Dismiss, Plaintiff provides, in relevant part:

However my charge is under the 14th Amendment
civil rights section one all persons born or
naturalized in the United States and subject
to the jurisdiction thereof, are citizens of
the United States and of the State wherein
they reside. No State shall make or enforce
any law which shall abridge the privileges or
immunities of citizens of the United States;
nor shall any State deprive any person of
life, liberty, or property, without due
process of law; nor deny to any person within
its jurisdiction the equal protection of the
laws.

(ECF No. 20). Accordingly, the Court addresses the arguments in
the present motions related to Plaintiff's only claim under 42
U.S.C. § 1983.

suit brought by private parties against a state without consent given.'" Pennhurst state Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Ex parte state of New York No. 1, 256 U.S. 490, 497 (1921)).  The Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thereby barring all private suits against non-consenting states in federal court." Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008). "The state of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa v. United states, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209-10 (D.N.J. 1974)).

Thus, constitutional claims in federal court may only be asserted against a "person" and not the state, which includes state courts, state agencies, and state actors sued in their official capacities.  See Phillips v. N.J. Transit, No. 19-13427, 2021 U.S. Dist. LEXIS 81173, at *15 (D.N.J. Apr. 28, 2021)(citations and quotations omitted)("A plaintiff seeking relief under section 1983 must establish that the individual or entity who committed the constitutional violation is a person for the purposes of section 1983. States or governmental entities that are considered arms of the State for Eleventh Amendment purposes are not persons under section 1983."); Beightler v. Office of Essex County Prosecutor, 342 F. App'x

12

829, 832 (3d Cir. 2009) (quoting <u>Fitchik v. New Jersey Transit</u>
<u>Rail Operations</u>, 873 F.2d 655, 658 (3d Cir. 1989) (en banc))
(providing that the Eleventh Amendment protects state agencies
when "'the state is the real party in interest'"); <u>Will v.</u>
<u>Michigan Dept. of state Police</u>, 491 U.S. 58, 71 (1989) (holding
that neither a state nor its officials acting in their official
capacities are "persons" under § 1983); <u>Grohs v. Yatauro</u>, 984 F.
Supp. 2d 273, 280 (D.N.J. 2013) (citing <u>Will</u>, 491 U.S. at 65–66)
("The state's sovereign immunity [] is preserved under Section
1983; a state is therefore not a 'person' who may be sued under
Section 1983.").

Regarding NJ Transit, Plaintiff's Section 1983 claim must
be dismissed because "NJ Transit is an arm of the state."
<u>Phillips</u>, 2021 U.S. Dist. LEXIS 81173, at *15-16 (D.N.J. Apr.
28, 2021).  Accordingly, NJ Transit is entitled to sovereign
immunity and is not a "person" under Section 1983.  <u>See</u> <u>id.</u>  The
Court is aware that "[w]hen a plaintiff files a complaint <u>pro</u> <u>se</u>
and is faced with a motion to dismiss, 'unless amendment would
be futile, the District Court <u>must</u> give a plaintiff the
opportunity to amend her complaint.'" <u>Spann v. Cumberland/Salem</u>
<u>Mun. Court</u>, No. 21-11066, 2021 U.S. Dist. LEXIS 102393, at *4
(D.N.J. June 1, 2021)(quoting <u>Phillips v. County of Allegheny</u>,
515 F.3d 224, 228 (3d Cir. 2008)(emphasis in original)).  Based
on the well-established case law, it appears that any attempt to

amend Plaintiff's Complaint against Defendant NJ Transit would
be futile.  Accordingly, Defendant NJ Transit's Motion to
Dismiss will be granted and Plaintiff's Complaint will be
dismissed against Defendant NJ Transit with prejudice.  For
these same reasons, Plaintiff's Motion for Summary Judgment is
denied with respect to Defendant NJ Transit.

       For similar reasons, Plaintiff's Complaint must be
dismissed against Defendant O'Neill, NJ Transit's employee
assistance program counselor.  Plaintiff has chosen to sue only
a select few Individual Defendants in their individual capacity.
Defendant O'Neill was not sued in his individual capacity and
thus, the Court interprets Plaintiff's Section 1983 claim
against Defendant O'Neill as one against him in his official
capacity.  "Official-capacity suits. . . generally represent
only another way of pleading an action against an entity of
which an officer is an agent."  Kentucky v. Graham, 473 U.S.
159, 165 (1985).  "[S]tate officials acting in their official
capacities are not 'persons' under § 1983.  Nevertheless, in
certain circumstances, those officials may still be subject to
federal suit, despite the Eleventh Amendment, under the narrow
exception of Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L.
Ed. 714 (1908)."  Blanciak v. Allegheny Ludlum Corp., 77 F.3d
690, 697 (3d Cir. 1996).  Ex Parte Young permits official
capacity suits seeking only prospective injunctive relief "that

14

serves directly to bring an end to a present, continuing violation of federal law." Id. at 698; see also Malacow v. Thompson, No. 20-11742, 2020 U.S. Dist. LEXIS 243549, at *4 (D.N.J. Dec. 29, 2020)("A plaintiff may bring claims for prospective injunctive relief against state actors in their official capacities under 42 U.S.C. § 1983."). Here, Plaintiff's Complaint fails to seek prospective injunctive relief with respect to Defendant O'Neill. Accordingly, the Court finds Defendant O'Neill does not constitute a "person" under Section 1983 and the sovereign immunity doctrine bars Plaintiff's claim against Defendant O'Neill. The Court will allow Plaintiff a chance to amend his Complaint to cure this deficiency. For these same reasons, the Court will deny Plaintiff's Motion for Summary Judgment with respect to Defendant O'Neill.

### b. Plaintiff's Motion for Default Judgment

"[I]t is well established that, in order to receive a judgment of default pursuant to Rule 55(b)(1) or 55(b)(2), a party must first obtain entry of a default from the Clerk of Court." Paris v. Pennsauken Sch. Dist., No. 12-7355, 2013 U.S. Dist. LEXIS 112280, at *19 (D.N.J. Aug. 9, 2013). "Indeed, 'entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of Court.'" Id. (quoting Stack Stackhouse v. Boyd, No.

07-5502, 2009 U.S. Dist. LEXIS 55420, at *1 (D.N.J. June 30, 2009)).

Here, Plaintiff has not received an entry of default by the Clerk of Court.  Given Plaintiff had not received an entry of default by the Clerk of Court against Defendants prior to filing his Motion for Default Judgment, the Court must deny such request.  Plaintiff's Motion for Default Judgment as well as his Motion for Summary Judgment also raises concerns as to the status of Plaintiff's claims against the remaining Individual Defendants.  It appears from the docket that Plaintiff has not successfully served the remaining Individual Defendants over a year and a half since the Complaint was filed, which is well past the Federal Rule of Civil Procedure's 90-day requirement.

Consequently, the Court will direct Plaintiff to show cause within 30 days as to why his claims against the remaining Individual Defendants should not be dismissed for lack of prosecution for his failure to effect service.  Karlsen v. GEICO, No. 20-0460, 2020 U.S. Dist. LEXIS 238911, at *2-3 (D.N.J. Dec. 18, 2020) (explaining that Rule 4(m) provides, "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Showing good cause 'requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule.'") (citing John Vorpahl v. The Kullman Law Firm, No. 17-1693, 2018 U.S. Dist. LEXIS 21313, at *3 (D.N.J. Feb. 8, 2018) (quoting Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)).

## CONCLUSION

For the above reasons, NJ Transit and Defendant O'Neill's Motions to Dismiss will be granted, and Plaintiff's Motion for Summary Judgment and Motion for Default Judgment will be denied. Plaintiff must show cause within 30 days as to which his claims against the remaining Individual Defendants should not be dismissed for lack of prosecution.

An appropriate Order will be entered.


Date: September 29, 2021            s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.